KINNA, appellant, *v.* HORN et al., respondents.

PRACTICE—*judgment reversed for irrelevant instructions.* A judgment will be reversed if the instructions of the court below upon irrelevant and immaterial issues are erroneous, and calculated to mislead the jury.

*Appeal from the Third District, Lewis and Clarke County.*

KINNA brought this action against Horn and Marvin, as partners, to recover for goods sold and delivered, moneys advanced and services rendered to the firm. Marvin did not appear, and Horn filed a separate answer, and denied that he and Marvin were partners, and that he was liable personally on account of the matters alleged in Kinna's complaint.

The case was tried in July, 1870, and the jury rendered a verdict for Horn. Kinna moved for a new trial on the ground that the instructions given by the court were erroneous.

The court, SYMES, J., overruled the motion and Kinna appealed.

The instructions, to the giving of which Kinna excepted, were as follows:

"1. If the jury believe, from the evidence, that the goods bought in St. Louis for the firm of Horn & Marvin were in reality bought for Frederick Horn, one of the defendants, under a contract or agreement with said Horn, then plaintiffs cannot recover in this action for said goods.

"2. If the jury believe, from the evidence, that the goods charged as sold to the firm of Horn & Marvin were in reality sold to Horn or Marvin individually, and not upon any firm account, then the plaintiff cannot recover for such goods in this action.

"3. Even if the defendants were partners during the time such goods were furnished to them as such partners, yet if the jury find from the evidence that either of the defendants, Horn or Marvin, have paid for said goods, or rendered services to the amount thereof, which has not been paid, then the plaintiff cannot recover therefor, and in no event can recover more than the balance due upon said goods.

"4. If the jury believe, from the evidence, that plaintiff has never delivered the goods to defendants, which he claims to have purchased for them, then, unless he has offered to deliver said goods to defendants before the institution of this action, they will find for defendants as regards the contract for the St. Louis goods.

"5. The offer to deliver the goods, to be effectual in this action, should be clearly proved.

"6. The defendant had a right to inspect the goods claimed to have been purchased for his benefit, and to know that they were such as had been ordered, before being compelled to receive the same, or to pay therefor, before the commencement of this action.

"10. If the jury find for plaintiff, they will only find in such amount as is still due, after deducting any payments made by defendants.

"11. It was the duty of plaintiff to set apart all the goods

purchased for defendant and not suffer them to be mingled with his own, and if the jury find from the evidence that plaintiff has never separated said goods from his own since their arrival in Helena, then he cannot recover for said goods.

12. If the jury believe, from the evidence, that plaintiff has released the defendant Marvin from all liability on the joint indebtedness sued on, then the defendant Horn is also released therefrom."

W. F. SANDERS, for appellant.

The denials of Horn are insufficient, so far as they relate to his individual liability for the partnership account sued on. *Whitwell* v. *Thomas*, 9 Cal. 499.

The jury found, for aught we know, that appellant complied with his contract fully; but the court instructed them that this was not enough. After the arrival of the goods in Helena, the court says in effect, to the jury, it was a condition precedent to a recovery that appellant should permit an inspection; separate goods from his own; offer to deliver goods, or deliver them. No one of these conditions was a part of appellant's contract, nor did any witness so state or claim. Instructions 4, 5, 6, 11.

There was no plea of payment, nor of release of Marvin, but the court instructed the jury as to payments. Instructions 3, 10, 12.

The fifth instruction was clearly wrong. The court misled the jury by treating the part of the case for money advanced as for goods sold and delivered, and talked to the jury about plaintiff's recovery for the St. Louis goods. Instruction 11.

E. W. & J. K. TOOLE, for respondent.

If a special agent violates his instructions, and confuses his goods and those of his principal, he forfeits his commission, and is liable for damages for such disobedience or confusion. Every doubtful circumstance would be construed unfavorably to the agent. Story on Agency, 395. An agent

who voluntarily makes advances for his principal cannot be re-imbursed.   Story on Agency, 398.

If a person having charge of another's property confounds it with his own, so that it cannot be distinguished, he must suffer the inconveniences thereof and pay the damages therefor.   *Hart* v. *Ten Eyck*, 2 Johns. Ch. 108.

An agent renders himself personally liable when he makes a contract without any authority.   *Meech* v. *Smith*, 7 Wend. 315.

An agent having his principal's money to purchase a bill of exchange should so buy the same, and not use his own credit.   *Hays* v. *Stone*, 7 Hill, 128; *Stone* v. *Hays*, 3 Denio, 575.

Appellant errs in assuming that the money was laid out for Horn.   Pars. on Merc. Law, 161; *Stone* v. *Hays*, 3 Denio, 575.

The jury are not supposed to have found on issues not raised by the pleadings.   *Gifford* v. *Carvill*, 29 Cal. 589; *Bernal* v. *Gleim*, 33 id. 669.

WARREN, C. J.   The only issue raised by the separate answer of Horn, in this cause, was upon the allegation of partnership liabilities of the defendants.   The other denials are of individual indebtedness or liability of himself, which is not alleged in the complaint, and are wholly irrelevant and immaterial.   The instructions given by the court upon other matters not embraced in the issue were calculated to mislead the jury, and were erroneous.

For this reason the judgment is reversed and the cause remanded.

*Exceptions sustained.*